UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SERGIO MARIO URENA-RODRIGUEZ    )
                                         )
V.                                          )          No.  1:05-0043
                                          )          JUDGE CAMPBELL
UNITED STATES OF AMERICA      )

## MEMORANDUM

### I.  Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or

Correct Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro

se. The Government has filed a Response to the Motion (Docket No. 3).

The Court has reviewed the pleadings and briefs filed by both parties, the record of

Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth

below, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

### II. Procedural and Factual Background

The Petitioner pled guilty to illegal reentry into the United States by a previously

deported aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2), on May 28, 2004.

(Docket Nos. 1,  28 in Case No. 1:03-00015).  This court sentenced the Petitioner to a term of 57

months imprisonment. (Docket No. 33 in Case No. 1:03-00015).  The plea agreement provided

that Petitioner waived the right to appeal any sentence within the maximum provided in the

offense level. (Docket No. 32). The record reflects that no appeal was taken in this case.

### III. Analysis

A.  The Petitioner's Claims

Petitioner contends that his conviction should be vacated because his counsel provided ineffective assistance.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1]  The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner

---

[1]  28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255

Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778,

782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as

true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the

proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed

by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because

these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C.  Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the

Petitioner to show:  (1) trial counsel's performance was not within the range of competence

demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient

performance.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

(1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial cannot be

relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United

States, 162 F.3d 456, 458 (6th Cir. 1998).  In analyzing trial counsel's performance, the court

must "indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that

3

"there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner argues that counsel was ineffective for failing to address certain issues at sentencing, citing as support the district court opinion of United States v. Galvez-Barrios, 355 F.Supp.2d 958 (E.D. Wis. 2005). In Galvez-Barrios, Judge Adelman identified various factors the he determined to be relevant in arriving at a sentence under the sentencing regime introduced by the Supreme Court in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, ___ L.Ed.2d ___ (Jan. 12, 2005). Petitioner contends that his counsel should have addressed those same Booker-type factors at his sentencing hearing in seeking a sentence below the applicable guideline range.

The flaw in Petitioner's argument is that his sentencing hearing took place approximately six months prior to the date Booker was decided.. Petitioner was sentenced on June 11, 2004, and Booker was issued on January 12, 2005. The Sixth Circuit and other courts have held that counsel is not considered ineffective for having failed to predict the Court's decision in Booker. See, e.g., United States v. Burgess, 2005 WL 1515327 (6th Cir. June 22, 2005); United States v. Carew, 2005 WL 1526136 (10th Cir. June 29, 2005); Thomas v. United States, 2005 WL 1252262, *3 n. 3 (E.D. Va. May 26, 2005); Lach v. United States, 2005 WL 1019238 (D. Utah Apr. 28, 2005).[2]

---

[2]   The Court notes that Petitioner's sentence is not now subject to attack as violative of Booker. The Sixth Circuit and other courts have held that Booker does not apply retroactively in collateral proceedings. Humphress v. U.S., 398 F.3d 855 (6th Cir. 2005); Bey v. U.S., 399 F.3d

4

Thus, the Court concludes that counsel was not ineffective for failing to predict and argue Booker-type factors at the sentencing hearing in this case. This issue is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

1266 (10th Cir. 2005); Varela v. U.S., 400 F.3d 864 (11th Cir. 2005); Green v. U.S., 397 F.3d 101 (2nd Cir. 2005); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005).

5